IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,                      CR No.  6:11-cr-60048-AA

                    Plaintiff,                 OPINION AND ORDER

        v.

JOSEPH ANTHONY LACOSTE,
et. al.

                    Defendants.
_____

AIKEN, Chief Judge:

    Defendant Joseph Anthony LaCoste is charged with one count

of conspiracy to commit securities fraud and one count of

securities fraud in violation of 18 U.S.C. § 371, 17 C.F.R. §

240.10b-5(a), (b), and (c), and 51 U.S.C. §§ 78j(b) and 78ff(a);

six counts of wire fraud in violation of 18 U.S.C. § 1343;  six

counts of mail fraud in violation of 18 U.S.C. § 1341; three

counts of making false statements on a loan application in

violation of 18 U.S.C. § 1014; one count of  bankruptcy fraud in

violation of 18 U.S.C. § 152(1); and one count of conspiracy to

1 -   OPINION AND ORDER

commit money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(B)(I) and 1956(h). If convicted, defendant risks forfeiture of any property derived from proceeds traceable to the above charges pursuant to 18 U.S.C. § 981(a)(1)(c) and 28 U.S.C. § 2461(c). The aforementioned charges are alleged against defendant in the Second Superseding Indictment that was filed on April 18, 2013.

Defendant pleads not guilty to the above charges and moves to strike certain allegations in the Second Superseding Indictment.

On February 4, 2014 the Court heard oral argument on the motion to strike. Based on arguments presented at the hearing and in the written briefs, defendant's motion is denied.

## I.    BACKGROUND

Between April 2006 and December 2007, defendant, while acting in his capacity as chief executive officer (CEO) of Willamette Development Services (WDS), obtained more than $5.2 million from individual investors and more than $10 million from financial institutions and other sources to finance real estate projects managed by WDS. WDS was formed on May 6, 2006 for the purpose of developing residential and commercial real estate projects. Defendant was the CEO of WDS from its inception in

2006 until he was removed by a majority vote of WDS shareholders on January 28, 2008. The United States of America (the government) alleges that in a scheme to defraud investors, defendant made several false representations and omissions of material fact to investors in order to secure the financing mentioned above.

All but four of the nineteen counts brought against defendant in the Second Superseding Indictment relate to actions defendant allegedly took as the CEO of WDS. The remaining four charges brought against defendant relate to his alleged private investment activities.

According to the government, WDS solicited funds from potential investors by providing them with private placement memoranda (PPMs) that included various representations about the financial practices of defendant and WDS. WDS, through defendant, then provided promissory notes to investors for the principal and interest of their investments. The representations in the PPMs included promises of a 13 percent rate of return on investment, with a return of principal 18 to 36 months from the date of investment. The PPMs also stated that investments would be held in specific investment holding accounts until certain minimum investments were achieved.

However, defendant instead allegedly used the money that he promised would be held in specific investment accounts for non-project purposes.   In January 2008, after defendant was removed from his position as CEO of WDS, none of the promised real estate projects were completed and WDS, as well as all of the real estate projects managed by WDS, were insolvent.   Consequently, individual investors lost their entire investments and the commercial lenders were able to recover only part of their investments through foreclosure actions.   In 2011, defendant was indicted.

## II.   DISCUSSION

Defendant moves to strike certain allegations in the Second Superseding Indictment on the ground that the allegations fail to state an offense as a matter of law, include unduly prejudicial character evidence, insufficiently apprise him of the nature of the charges, and fail to allow him to plead former acquittal or conviction if subsequent proceedings are taken against him for similar offenses.

### A.   Motion to Strike Allegations in Counts One and Two.

In Counts 1 and 2 of the Second Superseding Indictment, defendant is charged with conspiracy to commit securities fraud and securities fraud.   Counts 1 and 2 allege in part that

defendant knowingly conspired with Angela Marie McCoy to commit securities fraud by knowingly and willfully making untrue statements of material facts, and by omitting material facts requisite to make the statements not misleading. Furthermore, Counts 1 and 2 allege that the omissions and misstatements of material fact were made in connection with, and in furtherance of, the purchase or sale of securities associated with LLCs managed by WDS and with the purpose of defrauding the buyers of the securities.

The alleged false statements and omissions by defendant are listed in paragraph 8, subparagraphs (c) through (e). Specifically, defendant allegedly omitted that he filed for bankruptcy in 1998 and that he was fired by U.S. Bank for engaging in fraudulent conduct, including electronically forging signatures to increase his commission. Defendant also allegedly failed to inform investors of the extent to which he would personally benefit from financial transactions associated with LLCs managed by WDS.

Defendant moves the Court to strike these three allegations of material omissions for failing to state an offense as a matter of law. Defendant relies on the sufficiency of an indictment test set forth in Russell v. United States, 369 U.S. 749 (1962).

5 -   OPINION AND ORDER

Russell examines whether the indictment "contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet," and if "other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction." Id. at 763-764.  In applying the Russell test, defendant argues that the alleged omissions in Counts 1 and 2 fail to specify the exact statements he made that were rendered false by the alleged omissions.  Defendant argues that it is, therefore, impossible to prepare a defense to these allegations or to determine what conduct is the basis of acquittal or conviction.  Further, defendant argues that because the alleged omissions do not relate to any other statements he made in order to make them misleading, the allegations fail to state an offense.  Thus, defendant argues that the omissions are neither false nor material and failure to disclose them was not a crime.  I disagree.

For purposes of establishing securities fraud, "a statement is 'material' if there is a substantial likelihood that a reasonable investor would consider it important in making a decision." United States v. Laurienti, 611 F.3d 530, 541 (9th Cir. 2010) (citing United States v. Tarallo, 380 F.3d 1174, 1182

(9th Cir. 2004)); Securities Exchange Act of 1934, §§ 10(b), 32, 15 U.S.C. §§ 78j(b), 78ff, 17 C.F.R. § 240.10b-5.   The government argues that defendant made representations about his successful 18 years of business and financial experience for the sole purpose of causing investors to part with their money.   Because defendant filed bankruptcy and was fired from U.S. Bank for fraudulent conduct during the time period he had represented himself as a successful investor, the government argues that the allegations in Counts 1 and 2 constitute material facts and should therefore, not be stricken.   The government also plans to establish the materiality of the alleged omissions through testimony of investors who will state that they would not have parted with their money had they known about the omissions.

I find that the allegations of statements and omissions sufficiently apprise defendant of the fraudulent conduct of which he is charged.   Further, when a defendant is unclear about the charges that have been brought against him, he has several remedies to gain clarity.   These options include moving the Court for a bill of particulars to make the charges more definite and certain, see Fed. R. Civ. P. § 7(f), or simply to seek clarity during the discovery process.   Indeed, the government represents

that defendant has actual notice of the specific statements and omissions alleged.

However, at oral argument, defendant claimed that the specific statements and omissions relied on by the government were still unclear. Therefore, the government shall specify to defendant the omissions and false statements that it intends to introduce at trial. Should the issue remain unresolved, the parties shall raise the issue at the status conference that is currently scheduled to take place before Magistrate Judge Coffin on April 28, 2014. Accordingly, defendant's motion to strike three of the allegations of material omissions in Counts 1 and 2, paragraph 8, subparagraphs (c) through (e) of the Second Superseding Indictment is denied.

Defendant also moves to strike some language as surplusage. In the Manner and Means Scheme to Defraud section of Count 1, the government states that defendant "used the following manner and means, among others, to carry out the conspiracy and material scheme to defraud [investors]." Defendant moves the Court to strike the words "among others" as surplusage.

The government correctly argues in its Response that for an allegation in an indictment to be stricken as surplusage, it must be "inflammatory, prejudicial and irrelevant to the crime

8 -  OPINION AND ORDER

charged." <u>United States v. Terrigno</u>, 838 F.2d 371, 373 (9th Cir.
1988) (citing <u>United States v. Ramirez</u>, 710 F.2d 535, 545 (9th
Cir. 1983)). Here, because the term "among others" in Count 1 is
not inflammatory, defendant's motion to strike the words "among
others" as surplusage is denied.

Defendant also moves to strike as prejudicial the
allegations that he filed for bankruptcy in 1998 and was fired
from U.S. bank in 1999 for dishonest and unethical conduct.
Defendant argues that the allegations include unduly prejudicial
character evidence in violation of the Fed. R. Evid. §§ 403 and
404(a). Defendant's argument, however, is flawed.

The Federal Rules of Evidence dictate what evidence each
party may present to the fact finder, not what charges may be
brought in an indictment. Therefore, defendant's motion to
strike two of the allegations in Counts 1 and 2 of the Second
Superseding Indictment on the grounds that they include unduly
prejudicial character evidence is denied.

B.  <u>Motion to Strike Allegations in Counts Thirteen through
Fifteen and Eighteen.</u>

In Counts 13 through 15, defendant is charged with making
false statements on loan applications. Defendant argues that the
charge fails to allege the exact statements in the loan

applications the government contends are false, and therefore, fails to meet the Russell standard for sufficiency and should be stricken.

In Count 18, defendant is charged with bankruptcy fraud. Defendant argues that this charge also fails to allege any specific false or misleading statements in the bankruptcy petition and therefore, fails to meet the Russell standard for sufficiency and should be stricken.

As the Court previously pointed out, when a defendant is unclear about the charges that have been brought against him, he has can move the Court for a bill of particulars or seek clarity during the discovery process. Moreover, Counts 13 through 15 identify the specific loan applications that were allegedly false, and Count 18 alleges that defendant concealed his interests in property income and business during the bankruptcy. I find these allegations to be sufficient. For these reasons, defendant's motion to strike Charges 13 through 15 and 18 is denied.

C.   Motion to Strike Allegations in Counts Sixteen and Seventeen.

In Counts 16 and 17, defendant is charged with wire fraud and mail fraud. Defendant moves the Court to strike the portions

of Counts 16 and 17 that allege he made several false statements and omitted material facts in a scheme to defraud investors, including the fact that he filed for bankruptcy in 1998 and was fired by U.S. Bank for engaging in fraudulent conduct.  As with Counts 1 and 2, defendant argues that Counts 16 and 17 fail to state an offense, introduce prejudicial evidence, and are not contrary to any other statements that the government alleges he made and therefore, are neither false nor material.

Defendant's motion to strike Counts 16 and 17 is denied for the same reasons defendant's motion to strike Counts 1 and 2 is denied.

## CONCLUSION

Defendant's Motion to Strike Allegations in the Second Superseding Indictment (doc. 69) is DENIED.

IT IS SO ORDERED.

Dated this 23RD day of February, 2014.

_____
Ann Aiken
United States District Judge

11 -  OPINION AND ORDER